UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**DIJUAN CLARK, #1189145**

       **Petitioner,**

v.                                                                                    Civil Action No. 2:20-cv-83

**HAROLD W. CLARK, Director,**
**Virginia Department of Corrections,**

       **Respondent.**

**REPORT AND RECOMMENDATION FOR DISMISSAL**

This matter is before the Court on *pro se* Petitioner Dijuan Clark's ("Petitioner") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 ("the Petition"), ECF No. 1, and Motion to Amend Petition for Writ of Habeas Corpus, ECF No. 15. The matter was referred to the undersigned United States Magistrate Judge ("the undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges.

**I. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On March 16, 2017, Petitioner plead guilty to second degree murder and use of a firearm in the commission of murder. ECF No. 10 at 1. Pursuant to the written plea agreement, the Commonwealth subsequently moved to nolle prosequi the additional charge, possession of a firearm by a convicted felon. *Id.* Accordingly, on July 27, 2017, the Circuit Court of the City of Alexandria imposed a total sentence of forty-three years, with thirty-one years suspended. *Id.* at 2. Petitioner did not appeal his sentence.

Petitioner timely filed a petition for a writ of habeas corpus in the Supreme Court of Virginia in which he challenged the validity of his detention based on two claims of ineffective assistance of counsel. *Id.* attach 2. Petitioner specifically alleged "(i) trial counsel . . . poorly advised petitioner to plead guilty to second-degree murder where a reasonable defense existed; and (ii) counsel failed to adequately pursue a rehearing of the sentence where the court relied upon incorrect information concerning petitioner's remorse." *Id.* at 5–6. On May 7, 2019, the Supreme Court of Virginia denied Petitioner's motion to amend his habeas petition and granted Respondent's motion to dismiss the habeas petition. *Id.* Petitioner subsequently filed a motion for rehearing, but that Motion was denied on October 10, 2019. ECF No. 10 at 2.

Petitioner has now filed a petition for habeas relief in this Court. In the instant petition, Petitioner alleges the following grounds for relief: (1) "Conviction obtained by involuntary plea" and (2) "Ineffective Assistance of Counsel Causing Involuntary Plea". ECF No. 1 at 5–6. Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice. ECF Nos. 8–11. Subsequently, this Court granted Petitioner's Motion to Extend, after which, Petitioner filed a Response to the Respondent's Motion to Dismiss and a Motion to Amend/Correct Petition for Writ of Habeas Corpus. ECF Nos. 14–15. Respondents filed a Reply in Support of Respondent's Motion to Dismiss, which also addressed Petitioner's Motion to Amend, ECF No. 16, and Petitioner filed an untimely response to the Respondent's Reply.[1] Therefore, the Petition, Motion to Dismiss, and Motion to Amend are now ripe for recommended disposition.

---

[1] Inasmuch as the Respondent addressed Petitioner's Motion to Amend in his Reply, the Court will treat Petitioner's response, captioned as "Second Traverse in Response to the Reply in Support of Respondent's Motion to Dismiss in Response to Petitioner's Traverse and Amendment," ECF No. 17, simply as a Reply in Support of his Motion to Amend.

## II. ANALYSIS

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner's federal habeas petition was timely and whether Petitioner exhausted all available state remedies.

A. Time Barred

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgement of a State court." A petitioner incarcerated in the state prison system must file their federal petition for a writ of habeas corpus within one year of the competition of the direct review process, subject to any applicable statutory tolling. *See* 28 U.S.C. § 2244(d)(1)(A). However, compliance with the statute of limitations must account for both statutory and equitable tolling. *See id.*; *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As for statutory tolling, the one-year statute of limitations runs from the latest of the following:

> (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

28 U.S.C. § 2224(d)(1). Additionally, "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 224(d)(2).

3

In the instant matter, the Alexandria Circuit Court issued the sentencing order on August 4, 2017, and the time for direct review expired on September 4, 2017. Thus, for purposes of filing a federal habeas petition, the period for the statute of limitations began to run on September 4, 2017. Petitioner did not file a direct appeal, however he did pursue post-conviction review through a petition for habeas relief to the Supreme Court of Virginia on July 12, 2018. Accordingly, the statute of limitations for federal habeas review was tolled from July 12, 2018 until October 10, 2019, when the petition was denied. At that point, excluding the tolling period, 311 days of the one-year period of limitation expired, with fifty-four days remaining.

Petitioner filed his federal habeas petition on February 3, 2020, sixty-two days past the expiration of the one-year limitations period. Petitioner argues that his petition was timely because he initiated his state petition prior to the one-year statute of limitations. ECF No. 1 at 5. However, the filing of a state petition does not qualify as a commensurate filing for purposes of satisfying the federal statute of limitations. The state petition merely tolled the federal limitation period. Once the Supreme Court of Virginia denied his petition, Petitioner was still required to file his federal habeas petition prior to the expiration of the resumed limitations period. Notably, Petitioner does not allege any state-created impediment that prevented timely filing, nor does he allege additional facts that would warrant additional statutory tolling. Ultimately, accounting for the brief period of statutory tolling, the Petitioner failed to file the instant Petition within the required one-year statutory limitations period.

Petitioner acknowledges that he filed his federal petition after the one-year limitation period but argues that he is entitled to equitable tolling under the extraordinary circumstance standard. ECF No. 14 at 1–2. The Supreme Court has maintained that a petitioner is only entitled to equitable tolling where he demonstrates "'(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010)(quoting *Pace v. DiGuglielmo,* 554 U.S. 408, 418 (2005)). Further, equitable tolling determinations are highly fact dependent and petitioner "bears the burden of demonstrating that he is entitled to equitable tolling." *Vroman v. Brigano,* 346 F.3d 598, 604 (6th Cir. 2003); *Bills v. Clark,* 628 F.3d 1092, 1097 (9th Cir.). As to Petitioner's understanding and diligence, his state habeas petition is the most apparent evidence that he had been pursuing his rights diligently, however there must still be some evidence of an extraordinary circumstance that prevented timely filing. To that end, Petitioner alleges that he was mentally incompetent due to his mental illness and medications, and thus unable to file the petition himself during the statutory fling period. ECF No. 14 at 2. In support of the argument that his mental health served as an extraordinary circumstance, Petitioner specifically reported periods of "depression, mood swings, anxiety, and even zapping feelings." *Id.* at 3.

Equitable tolling predicated on mental impairment is permissible where the petitioner's "mental impairment [is] so severe that the petitioner was unable personally either to understand the need to timely file or prepare a habeas petition, and that impairment made it impossible under the totality of the circumstances to meet the filing deadline despite petitioner's diligence." *Bills v. Clark,* 628 F.3d at 1093. Specifically, the petitioner must satisfy the following two-part test:

> (1) First, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, *or* (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
> (2) Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

5

*Id.* at 1100 (emphasis added). Notably, the extraordinary circumstances referenced in the first prong can be found "in different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing on his own, or finding and utilizing assistance to file." *Id.* Similarly, the second prong invokes a "totality of the circumstances" inquiry that centers on the "but-for" cause of any delay in filing. *Id.*

In the present case, Petitioner fails to demonstrate that his alleged mental impairment was so severe that it warrants equitable tolling. In support of his claim, Petitioner submitted mental health records as proof that his mental health was an extraordinary circumstance that hindered him from timely filling the underlying petition. ECF No. 14 at 5–15. The mental health records indicate proof of certain mental health conditions and needs discovered during his term of incarceration, but they do not arise to the level of severe mental impairment necessary to warrant equitable tolling. Petitioner's treating clinical psychologist, Dr. Monfared, reported that Petitioner denied any history of mental illness, depression, or anxiety. ECF No. 14 at 5. However, in light of the Petitioner's trauma and substance abuse, Dr. Monfared recommended that he will eventually need "trauma-informed mental health, and substance abuse services." *Id.* While incarcerated Petitioner was prescribed Zoloft and sleep medication to "help [him] deal with things." *Id.* at 6. Nonetheless, Dr. Monfared reported that Petitioner's working memory appeared to be intact and "[t]here was no evidence of delusional thinking, thought blocking, racing thoughts, or thought slowing . . . hallucinations . . .[or] suicidal ideations." *Id.*

Moreover, the additional mental health records and progress notes stem from time periods during which Petitioner was either pursuing his state habeas petition, thereby demonstrating his mental capacity, or time periods that are not relevant to the limitations period at issue. For example, Petitioner submitted multiple sets of his psychiatric progress notes. The

only set of progress notes that provide insight into Petitioner's mental health condition during the operative time frame—the period of time between the denial of his state habeas petition and filing his federal habeas petition—are the notes from October 16, 2019. At that point, Petitioner's state habeas petition was denied, the tolling period ended, and he had approximately forty-eight days left in the one-year limitations period. The assessment in the Mental Health Services Progress Notes at that point indicated,

> [Petitioner] presented in a dysphoric manner and appeared distracted at times. For the most part, he appeared alert, stable, and oriented in all spheres. There were no overt signs of affective distress or of a thought/mood disorder. There was no evidence of perceptual disturbances. Thoughts were mood congruent and linear. Mental status WNL (within normal limits).

ECF No. 14 at 15. Additionally, the subjective notes capturing Petitioner's remarks also capture his understanding of his post-conviction relief options. "[Petitioner] expressed feeling sad because his motion for a rehearing was denied. 'I've accepted that it is going to be hard with appealing my case. I still have hope.'"[2] *Id.* While the relevant evidence contains proof of intermittent symptoms of depression, anxiety, and treatment of the same, there is no evidence that indicates that Petitioner's mental health was so severely impaired that he could not understand the timely filing requirement, nor does it indicate that his mental health made it impossible to meet the deadline. Given Petitioner's pro se status, the timing of the filing, and his arguments throughout, it appears more likely that Petitioner did not understand that his state habeas petition merely tolled the federal statute of limitations, only to resume upon denial.

Ultimately, Petitioner conceded that he failed to file within the statutory limitations period, ECF No. 14 at 1, but he has also failed to demonstrate that an application of equitable tolling is warranted. To hold otherwise would run afoul of the statutory limitations and Supreme

---

[2] The mental health services progress notes instruct the provider to "use patient's own words as much as possible and put in 'quotes.'" This in turn helps verify the accuracy of Petitioner's perception at the time.

7

Court's limitation on equitable tolling. Accordingly, the undersigned **FINDS** that Petitioner did not timely file the instant Petition and **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED** on that basis.

B. Failure to Exhaust

Petitioner is also subject to procedural default as he failed to exhaust his remedies in state court before seeking federal habeas relief. Section 2254 allows an individual held in state custody to challenge detention on the grounds that their custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing[.]" *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing 28 U.S.C. § 2254(b); *Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997), 522 U.S. 964 (1997)). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618 (citing *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994), *cert. denied*, 1997 U.S. LEXIS 6894 (1994)). To satisfy the exhaustion requirement, two conditions must be met: (1) the prisoner must seek review of his claim in the highest state court with jurisdiction to consider it through direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); and (2) the "essential legal theories and factual allegations advanced in the federal court [must be] the same as those advanced at least once in the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971); *Clanton v. Muncy*, 845 F.2d 1238, 1241 (4th Cir. 1988); *Wise v. Warden*, 839 F.2d 1030, 1033-34 (4th Cir. 1988); *Daye v. Attorney*

*Gen.*, 696 F.2d 186 (2d Cir. 1982)). Put simply, the claim and factual support raised in the federal petition for habeas relief must have been presented in the same way on direct appeal or in a state habeas petition.

In the instant case, Petitioner has not exhausted any of his claims before this court. While he did file a state habeas corpus petition before the Supreme Court of Virginia, the claims presented in that petition differ from those alleged in the instant petition. In his state habeas petition, Petitioner alleged that he was denied effective assistance of counsel, as guaranteed by the 6th amendment, when "(i) trial counsel . . . poorly advised petitioner to plead guilty to second-degree murder where a reasonable defense existed; and (ii) counsel failed to adequately pursue a rehearing of the sentence where the court relied upon incorrect information concerning petitioners remorse." ECF No. 10, attach 2 at 5–6.[3] In contrast, ground one of the instant petition states that his plea was "rendered involuntary via failure to receive effective assistances of counsel", specifically alleging that "Counsel failed to investigate Petitioner's Mental Health issues and medications at the time of the plea and the offense prior to recommending plea." ECF No. 1 at 5. Similarly, in ground two Petitioner alleges that "Counsel failed to initiate and/or conduct any plea, plea investigation into the facts of the offense possible defenses or into petitioner's mental health issue's or medication prior to recommending petitioner plea guilty as charged." *Id.* at 6–7.

The essential legal theories and factual allegations underlying the claims in the instant petition alleging trial counsel's failure to investigate Petitioner's mental health are distinctly different from those exhausted in state court. Therefore, the undersigned **FINDS** that Petitioner

---

[3] The Supreme Court of Virginia ultimately held that Claim 1 "fail[ed] to satisfy the 'performance' prong of the two-part test enunciated in *Strickland v Washington*", and Claim 2 was without merit as "[a] motion to reconsider a sentence after the final order imposing a sentence is entered is not a 'critical stage' of the 'criminal prosecution' and therefore, the petitioner has no right to counsel on such a motion." ECF No. 10 attach 2 at 48, 50.

9

has not satisfied the exhaustion prerequisite to pursuing federal habeas relief because the instant claims have not been presented to the highest state court, and, thus **RECOMMENDS** that Respondent's Motion to Dismiss be **GRANTED**.

C. Motion to Amend

Along with his response to Respondent's Motion to Dismiss, Petitioner filed a motion to amend his § 2254 Habeas Petition. In his Response to the Motion to Dismiss and in his Motion to Amend, Petitioner tacitly acknowledges that the instant claims are different than those asserted in his state habeas petition. ECF No 14 at 2; ECF No. 15 at 1. However, Petitioner clarifies that the failure to exhaust was likely the result of his reliance on two different individuals to draft the two petitions. ECF No. 14 at 4. He further asserts that he previously attempted to amend the present claims into his state habeas corpus petition, but the Supreme Court of Virginia denied his amendment along with his state habeas petition. ECF No. 15 at 1. However, upon comparison of the Petitioner's motion to amend his state habeas petition, ECF No 16 attach 1, with the proposed amended federal habeas petition, ECF No. 15 attach 1, the operative language of the instant grounds for federal habeas relief do not match those of the proposed amendments in the state habeas petition. The proposed state habeas amendment that most resembles Petitioner's federal claims states that his trial counsel was "deficient at the sentencing phase because he failed to present mitigating evidence from a mental health evaluation . . . ." *Id.*[4] While this proposed amended claim also addresses Petitioner's underlying mental health, the nature of the complaint differs from that of the current claim that trial counsel failed to investigate facts regarding his mental health. Even if the Supreme Court of Virginia had granted Petitioner's

---

[4] The remaining proposed amendments to Petitioner's state habeas petition include the following: (1) "A claim of ineffective assistance of counsel for failing to file a notice of an appeal . . . (2) A claim of ineffective assistance of counsel for failing to seek a change of venue." ECF No 16 attach 1 at 1.

motion to amend the state petition, the distinctly different claims asserted in the instant federal petition would not have been exhausted.

Moreover, in the instant Motion to Amend, Petitioner asserts a number of additional claims that to do not appear in the initial federal petition, nor do they appear to have been presented at the state level, including the proposed amendments to his state habeas petition. The proposed claims are as follows: (1) Ineffective assistance of counsel "because he advised the petitioner to plead guilty to second degree murder where a reasonable defense existed [, lack of malice,] against the Commonwealth's case to take the matter to trial." ECF No. 15 attach 1 at 3. (2) Ineffective assistance of counsel because "counsel failed to file a motion to reconsider after being instructed by his client to do so." *Id.* at 10. (3) Ineffective assistance of counsel "for failing to cooperate with the hired investigator for the defense, not turning over police reports to the investigator, for not allowing the investigator to speak with the petitioner alone during his investigation and not filing the motions recommended by the investigator to obtain information crucial to his investigation and the petitioner's defense." *Id.* at 11. (4) Ineffective assistance of counsel "because Counsel failed to investigate the petitioner's mental state at the time of the offense and present it at the sentencing phase . . . ." *Id.* at 16.

Even if the Court were to grant Petitioner's Motion to Amend, these additional claims would also be subject to dismissal based on untimeliness. In addition to the Petitioner's failure to exhaust the additional claims, he filed on August 5, 2020, rendering them untimely. An amendment to a habeas petition is subject to the same one-year period of limitations, unless the claim relates back to a claim contained in the initial petition. Generally, a claim does not relate back where "it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005). Here, any

11

proposed claims sufficiently related to the initial filing would relate back to a petition that was already sixty-two days beyond the one-year limitations period. Further, the additional proposed claims are also untimely as their initial filing date is August 5, 2020, 246 days after the relevant one-year limitations period. Accordingly, the Court finds that the requested amendment would be futile and Petitioner's Motion to Amend should be **DENIED**.

### III. RECOMMENDATION

In light of Petitioner's failure to establish that his claims are timely and properly exhausted, the undersigned **RECOMMENDS** that the Petition, ECF No. 1 be **DENIED** and **DISMISSED WITHOUT PREJUDICE,** and the Motion to Amend, ECF No. 15 be **DENIED** as futile.

### IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party. *See* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a

judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1954).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 8, 2020